IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-cr-0460-L |
| | § | |
| CHRISTIAN GRANADOS MARTINEZ (01), | § | |

**MEMORANDUM OPINON AND ORDER**

Before the court is Defendant's second *pro se* Motion for Reduction of Sentence ("Motion"), filed on July 22, 2025. Doc. 87. Defendant now challenges his conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) on the grounds that the United States Supreme Court held that the statute's residual clause was unconstitutionally vague in *United States v. Davis*, 586 U.S. 1063 (2019). Mot. at 2–3. He requests that the court vacate this conviction. *Id.*

The proper vehicle for challenging a criminal conviction or sentence after the direct appeal period has expired, as here, is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam); *see also Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Relief under [§ 2255] is warranted for any error that 'occurred at or prior to sentencing.'" (citations omitted)). "When reviewing a pro se litigant's filings, '[i]t is the substance of the relief sought by . . . [the] pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of [the] habeas filing." *United States v. Cardenas*, 13 F.4th 380, 384 (5th Cir. 2021) (citations omitted). The Fifth Circuit Court of Appeals has liberally construed *pro se* filings as initial § 2255 motions when the "substance of the relief" sought is habeas relief—that is, the defendant "challenge[s] his custody by seeking vacatur of his conviction or sentence." *Id.* (collecting cases).

**Memorandum Opinion and Order – Page 1**

Defendant's arguments collaterally challenge his federal conviction or sentence. Indeed, he only asks that the Court vacate his conviction under § 924(c). Mot. at 2–3. Thus, his Motion is properly recharacterized as a motion to vacate sentence under § 2255. *See United States v. Elam*, 930 F.3d 406, 410 (5th Cir. 2019) (recharacterizing *pro se* motion that alleged ineffective assistance of counsel as a first, timely § 2255 motion).

Accordingly, Defendant's Motion is **recharacterized** as an initial motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

The clerk of the court is **directed** to open (1) a new case for the construed motion to vacate sentence under 28 U.S.C. § 2255 (NOS code 510), (2) directly assign the new case to the same District Judge and Magistrate Judge as in this criminal case, and (3) docket a copy of the Motion and this order in the new case. Warnings and instructions, as well as an opportunity for Defendant to amend his § 2255 motion, in accordance with *Castro v. United States*, 540 U.S. 375 (2003), will be issued in the newly opened case.

As such, Defendant's Motion for Status Update (Doc. 88) is **denied** as moot.

**It is so ordered** this 26th day of August, 2025.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge